UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                          BKY Case No.:  10-38679

Procedo, Inc.,                                                  Chapter 7 Bankruptcy

            Debtor.
_____

**NOTICE OF HEARING AND MOTION FOR EXPEDITED HEARING
AND MOTION FOR AUTHORIZATION TO OPERATE
DEBTOR'S BUSINESS AND FOR TURN OVER**
_____

TO:   ENTITIES SPECIFIED IN LOCAL RULE 9013-3.

    1.   Michael J. Iannacone, the Chapter 7 Trustee ("**Trustee**"), through his undersigned attorneys, moves the Court for the relief requested below and gives notice of hearing.

    2.   The Court will hold a hearing on this motion at 11:00 a.m. on December 22, 2010, before the Honorable Gregory F. Kishel, United States Bankruptcy Court, in Courtroom 2A, US Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

    3.   As this Motion is brought on an <u>expedited basis</u>, any response to this Motion must be filed and served by delivery as soon as possible and suggestion is made that a response should be filed at least twenty-four (24) hours prior to the hearing.  UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.   This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  The proceeding is a core proceeding.  This case was commenced on December 6, 2010 (the "**Petition Date**").  This case is now pending in this Court.

5. As of the date of this Motion, the Debtor has not filed any schedules listing the assets and liabilities of the Debtor. No meeting of creditors as required by 11 U.S.C. §341 has been held.

6. This motion arises under 11 U.S.C. §§542 and 721. This motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1, 9013-2, 9013-3 and 9006-1. The Trustee seeks Court authorization to operate the Debtor's business for a limited period of time and for turn over related thereto.

7. The Trustee requests that the Court approve his request for expedited hearing. An expedited hearing is necessary in connection with this Motion due to the immediate and irreparable harm which could occur to the Debtor, its unsecured creditors and potentially its customers should the Trustee not obtain authorization to operate the Debtor's business on an interim basis.

8. Further, in order to carry out his duties, the Trustee requires that the Debtor and its chief officer, Joseph Kvidera, provide the Trustee with all access required for the premises, computers, cabinets and Debtor's website. Mr. Kvidera is presently a Chapter 7 debtor in Case No. 10-38676.

**FACTUAL BACKGROUND**

9. The Debtor is a Minnesota corporation with its principal place of business in Mahtomedi, Minnesota. The Debtor is a provider of electronic archive and storage services. The Debtor maintains an office and data center.

10. Prior to the commencement of this case, Debtor was in state court receivership proceedings arising out of the matter of iS3C, Inc. d/b/a Select Source International v. Procedo, Inc. (Washington County Court File No. 82-CV-09-5421). James A. Bartholomew and Lighthouse Management Group, Inc. were receivers. Mr. Bartholomew has knowledge of the

Debtor and its operations.

11. Since the commencement of this case, the Trustee has consulted with counsel for the Debtor and a potential buyer. The Trustee and potential buyer believe that the Debtor's value will be best preserved without an interruption of its services and concommitant loss of customers.

12. The Trustee believes there may be equity in the Debtor's business which may be realized for the benefit of all parties in interest if operations may be maintained pending a sale of the business.

13. If the Trustee is not authorized to operate the Debtor, great harm may be caused to Procedo, Inc. which, in turn, will adversely affect the bankruptcy estate.

## RELIEF REQUESTED

14. The Trustee believes that the Debtor's operations can be wound down or sold within 120 days of the Petition Date. Accordingly, by this Motion, the Trustee is requesting authority to operate the Debtor through April 6, 2011. Should it be necessary to operate the facility for a longer period of time, the Trustee will seek an extension of any order granting such authorization.

15. In addition to such authorization, the Trustee requests authorization to (i) employ such persons to assist in the operation of the Debtor as deemed appropriate by the Trustee and his professionals and to compensate such persons pursuant at rates deemed appropriate in connection with the Debtor's operations and (ii) to pay post-petition operating expenses in the ordinary course of business.

16. The Trustee believes it is in the best interest of the Debtor, its estate and its creditors that the Court approves the Trustee's Motion.

17. The Trustee also requires an order directing Debtor and its principal, Joseph Kvidera, to provide the Trustee with all required keys, access and codes required to operate the business and the Debtor's website.

## NOTICE OF WITNESSES

18. In the event that this motion is contested, the Debtor intends to call as a witness, James A. Bartholomew, the receiver of the Debtor, to testify with respect to the matters set forth herein. The Trustee and a potential buyer may also testify.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order:

1. Granting an expedited hearing on this Motion.

2. Authorizing the Trustee to operate the Debtor's business pursuant to 11 U.S.C. §721 through April 6, 2011, subject to further order of the Court.

3. Authorizing the Trustee to collect all amounts due the Debtor and to employ such persons as deemed appropriate by the Trustee and to pay all post-petition operating expenses in the ordinary course of business.

4. For such other and further relief as the Court deems appropriate.

**LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.**

Dated: December 17, 2010

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Chapter 7 Trustee
100 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030

4

## VERIFICATION

I, Michael J. Iannacone, the Chapter 7 Trustee, the movant herein, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: December 17, 2010

/e/ Michael J. Iannacone
_____
Michael J. Iannacone

432026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                          BKY Case No.:  10-38679

Procedo, Inc.,                                                  Chapter 7 Bankruptcy

Debtor.

---

**MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED
HEARING AND MOTION FOR AUTHORIZATION TO OPERATE
DEBTOR'S BUSINESS AND FOR TURN OVER**

---

This Memorandum is submitted by Michael J. Iannacone, the Chapter 7 Trustee ("**Trustee**"), through his undersigned attorneys, in support of his Motion for Expedited Hearing and Motion for Authorization to Operate Debtor's Business and for Turn Over (the "**Operating Motion**").  By the Operating Motion, the Trustee requests the Court approve his request to authorize him to operate the Debtor's business through April 6, 2011.  The factual background for this Memorandum is set forth in the Operating Motion.

**LEGAL ARGUMENT**

Bankruptcy Code §721 provides that "[t]he Court may authorize the trustee to operate the business of the debtor for a limited time, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate."

The Debtor's principal business is the operation of electronic archive and storage business located in Mahtomedi, Minnesota.  The Trustee understands and believes there is work in progress which is needed by customers and which would benefit the estate.

The Trustee has consulted with counsel for the Debtor, and a potential buyer of the Debtor concerning the continued operations of the Debtor's business.  It appears that all parties

have agreed that is in the best interest of the estate to maintain the Debtor's operations pending a sale or winding down of the facility.

The Trustee believes that a determination as to whether to wind down or sell the Debtor's business can be made within 120 days of the Petition Date. Accordingly, by the Operating Motion, the Trustee is requesting authority to operate the facility through April 6, 2011. Should it be necessary to operate the facility for a longer period of time, the Trustee will seek an extension of any order granting such authorization. In addition to such authorization, the Trustee requests authorization to (i) employ such persons to assist in the operation of the facility as deemed appropriate by the Trustee and his professionals and to compensate such persons pursuant at rates deemed appropriate in connection with the Debtor's operations and (ii) to pay post-petition operating expenses in the ordinary course of business.

Finally, pursuant to 11 U.S.C. §542, the Trustee requests that the Court direct the Debtor and its principal, Joseph Kvidera, to provide the Trustee with all required access to Debtor's facilities and intellectual property including all information needed to access and control Debtor's website.

The Trustee believes it is in the best interest of the Debtor, its estate and its creditors that the Court approves the Trustee's Motion.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: December 17, 2010

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Chapter 7 Trustee
100 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030

432028

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                           BKY Case No.:  10-38679

Procedo, Inc.,                                                   Chapter 7 Bankruptcy

                Debtor.

---

**UNSWORN CERTIFICATE OF SERVICE**

---

I hereby certify that on December 17, 2010, I caused the following documents:

> *Notice of Hearing and Motion for Expedited Hearing and Motion for Authorization to Operate Debtor's Business and for Turn Over and Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail or e-mailed to the following:

Procedo, Inc.
12 Long Lake Road, Building 5
Mahtomedi, MN 55115

Joseph R. Kvidera
Liana S. Kvidera
2160 County Road F East
White Bear Lake, MN 55110

Ryan Murphy - rmurphy@fredlaw.com
James Bartholomew - jbartholomew@lighthousemanagement.com
Mary Jo Jensen-Carter - maryjo@buckleyjensen.com

                                                                                    /e/  Stephanie Wood

Dated:  December 17, 2010                   _____
                                                                Stephanie Wood
                                                                100 South Fifth Street, Suite 2500
                                                                Minneapolis, MN  55402
                                                                (612) 332-1030

432118

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                                    BKY Case No.: 10-38679

Procedo, Inc.,                                                            Chapter 7 Bankruptcy

          Debtor.
_____

**ORDER GRANTING MOTION FOR EXPEDITED HEARING AND MOTION FOR AUTHORIZATION TO OPERATE DEBTOR'S BUSINESS AND FOR TURN OVER**
_____

This matter is before the Court on the Motion of Michael J. Iannacone, the Chapter 7 Trustee, for an Expedited Hearing and For Authorization to Operate the Debtor's Business and for Turn Over.

Based on the motion and the file,

IT IS ORDERED:

1.  The Trustee's request for an expedited hearing on the Motion is hereby granted.

2.  The Trustee is hereby authorized to operate the Debtor's business pursuant to 11 U.S.C. §721 through April 6, 2011, subject to further order of the Court.

3.  The Trustee is hereby authorized to collect all amounts due the Debtor, to employ such persons as deemed appropriate by the Trustee and to pay all post-petition operating expenses in the ordinary course of business.

4.  The Trustee's request for turn over is granted. Debtor and Joseph Kvidera shall immediately provide the Trustee with all keys and codes to access the Debtor's facility without limitation. All passwords and access codes required to operate the business and Debtor's web site shall also immediately be provided to the Trustee.

Dated: _____        _____
                                                       Gregory F. Kishel
                                                       United States Bankruptcy Court Judge

432029